[Civ. No. 25910.   Second Dist., Div. Three.   Oct. 17, 1962.]

YESHIVA TORATH EMETH ACADEMY, Plaintiff and Appellant, v. UNIVERSITY OF SOUTHERN CALIFORNIA, Defendant and Respondent.

Joseph W. Fairfield and Ethelyn F. Black for Plaintiff and Appellant.

Musick, Peeler & Garrett and Bruce A. Bevan, Jr., for Defendant and Respondent.

SHINN, P. J.—This is an appeal by the plaintiff, Yeshiva Torath Emeth Academy, from a judgment in favor of the defendant, University of Southern California, entered upon an order sustaining a demurrer without leave to amend in a condemnation action.   The essence of the ground of general demurrer is that the complaint fails to state a cause of action in that the proposed condemnation is not for a public use as authorized by the Legislature.

The complaint alleges that plaintiff, a private corporation, is an educational institution, having a student body of approximately 150 elementary grade students; it operates an elementary school with facilities available to the general

public; it seeks to condemn property it is using under lease from defendant so that it may continue to so utilize the property.

The sole question is whether a private institution, not of collegiate grade level, may maintain an action to condemn property for use as an elementary school.

The court answered the question correctly when it granted judgment for defendant on demurrer. Plaintiff is attempting to exercise a right it does not possess.

In the opening brief plaintiff says: "Briefly it is the position of the appellant that if a school district has the right of eminent domain to condemn land for an elementary school, plaintiff under the provisions of Civil Code, § 1001 has the same right."

Section 1001 reads: "Any person may, without further legislative action, acquire private property for any use specified in section [1238] of the Code of Civil Procedure either by consent of the owner or by proceedings had under the provisions of title seven, part three, of the Code of Civil Procedure; and any person seeking to acquire property for any of the uses mentioned in such title is 'an agent of the State,' or a 'person in charge of such use,' within the meaning of those terms as used in such title," etc.

Section 1238, Code of Civil Procedure, reads in part: "Subject to the provisions of this title, the right of eminent domain may be exercised in behalf of the following public uses: . . . 2. . . . any institution within the State of California which is exempt from taxation under the provisions of Section 1a, of Article XIII of the Constitution of the State of California,[1] and all other public uses authorized by the Legislature of the State of California. 3. Any public utility, and public buildings and grounds, for the use of any county, incorporated city, . . . school district," etc.

In its opening brief plaintiff appears to contend that since it makes the same use of its property as a school district makes of the facilities of an elementary school it should have rights equal to those of a school district. In its closing brief plaintiff says: "But appellant's claim to condemnation arises not from similarity of use, but with the standards recited in C.C.P. 1238, subd. 3 and its rights allowed to it under the provisions of Civil Code, § 1001." No attempt is made to define the

---

[1]("Any educational institution of collegiate grade, within the State of California, not conducted for profit," etc.)

"standards" or "rights" upon which plaintiff relies. The right to condemn property has not been extended to private elementary schools.

As authority for its claims plaintiff says: "The situation in the case at bar is not unlike that of *Linggi* v. *Garovotti*, 45 Cal.2d 20 [286 P.2d 15]." There is no similarity. In that case the plaintiff was permitted to maintain an action to acquire an easement for the extension of a sewer line, which was a right expressly granted by subdivision 8 of the Code of Civil Procedure, section 1238.

The facts alleged in the complaint were clearly insufficient to state a cause of action for condemnation of defendant's property.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied October 26, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1962.